FILED

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY A. LONG, Cal. Bar No. 57642
SASCHA HENRY, Cal. Bar No. 191914
PAUL L. SEELEY, Cal. Bar No. 252318
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213-620-1780
Facsimile: 213-620-1398
glong@sheppardmullin.com
shenry@sheppardmullin.com
pseeley@sheppardmullin.com

2011 NOV -7 PM 2: 11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Attorneys for Plaintiff
STATE COMPENSATION
INSURANCE FUND

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE COMPENSATION INSURANCE FUND, | Case No. **CV11-9233** — mmm (Ex) |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | (1) VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT; AND |
| KOOSHAREM, LLC, a California limited liability company; NEW KOOSHAREM CORPORATION, a California corporation; SELECT PERSONNEL SERVICES, INC., a California corporation; REAL TIME, INC.; D. STEPHEN SORENSEN, an individual; D. STEPHEN SORENSEN and SHARON P. SORENSEN, Co-Trustees of the SORENSEN FAMILY TRUST U/D/T JULY 26, 1991; FRED R. PACHON, an individual; LAURIE MAXWELL, an individual; PAR ALMA ALLIANCE, LLC, a California limited liability company; PAR ALMA INVESTMENTS LLC, a California limited liability company, and DOES 1 through 10, Inclusive, | (2) FRAUDULENT TRANSFER **DEMAND FOR JURY TRIAL** |
| Defendants. | |

1    Plaintiff State Compensation Insurance Fund ("State Fund"), alleges as

2 follows against the defendants, Koosharem, LLC ("Koosharem"), New Koosharem

3 Corporation ("New Koosharem"), Select Personnel Services, Inc. ("Select"), Real

4 Time, Inc. ("Real Time"), D. Stephen Sorensen ("Sorensen"), D. Stephen Sorensen

5 and Sharon P. Sorensen, Co-Trustees of the Sorensen Family Trust U/D/T July 26,

6 1991 (the "Sorensen Trust"), Fred R. Pachon ("Pachon"), Laurie Maxwell

7 ("Maxwell"), Par Alma Alliance, LLC ("Alliance"), Par Alma Investments, LLC

8 ("Investments"), and Does 1-10 (collectively with Koosharem, New Koosharem

9 Select, Sorensen, the Sorensen Trust, Alliance and Investments, "Defendants"):

10

11    **THE PARTIES**

12

13    1.    State Fund is, and at all relevant times was, an agency of the

14 State of California organized as a public enterprise fund.  State Fund was authorized

15 by the California Constitution and established by the California Legislature.

16 Insurance Code §§ 11770, et seq., Labor Code §§ 56 and 57.5.

17

18    2.    State Fund is informed and believes, and on that basis alleges,

19 that Defendant Koosharem, formerly a corporation known as Koosharem

20 Corporation, is a limited liability company organized and existing pursuant to the

21 laws of the State of California, with its principal place of business located in Santa

22 Barbara County, California.

23

24    3.    State Fund is informed and believes, and on that basis alleges,

25 that Defendant New Koosharem Corporate is, and at all relevant times was, a

26 corporation organized and existing pursuant to the laws of the State of California,

27 with its principal place of business located in Santa Barbara County, California.

28

4.     State Fund is informed and believes, and on that basis alleges, that Defendant Select Personnel Services, Inc. is, and at all relevant times was, a corporation organized pursuant to the laws of the State of California, with its principal place of business located in Santa Barbara County, California.

5.     State Fund is informed and believes, and on that basis alleges, that Defendant Real Time, Inc. is, and at all relevant times was, a corporation organized pursuant to the laws of the State of California, with its principal place of business located in Santa Barbara County, California.

6.     State Fund is informed and believes, and on that basis alleges, that Defendant Sorensen is, and at all relevant times was, an individual residing in Santa Barbara County, California.

7.     The State Fund is informed and believes, and on that basis alleges, that Defendant Sorensen Trust is, and at all relevant times was, a trust organized pursuant to the laws of the State of California, that D. Stephen Sorensen and Sharon P. Sorensen are the co-trustees of the Trust, and that each of them resides in Santa Barbara County, California.

8.     State Fund is informed and believes, and on that basis alleges, that Defendant Pachon is, and at all relevant times was, an individual residing in Santa Barbara County, California.

9.     State Fund is informed and believes, and on that basis alleges, that Defendant Maxwell is, and at all relevant times was, an individual residing in Santa Barbara County, California.

10.     State Fund is informed and believes, and on that basis alleges, that Defendant Alliance is, and at all relevant times was, a limited liability company organized pursuant to the laws of the State of California, with its principal place of business located in Santa Barbara County, California.

11.     State Fund is informed and believes, and on that basis alleges, that Defendant Investments is, and at all relevant times was, a limited liability company organized pursuant to the laws of the State of California, with its principal place of business located in Santa Barbara County, California.

12.     State Fund does not know the true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants Does 1 through 10, inclusive.  Such Defendants are, therefore, sued herein by fictitious names.  State Fund is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants was in some way responsible for, participated in or contributed to the matters and things of which State Fund complains herein, and in some fashion has legal responsibility therefore, whether vicariously, directly or as an alter ego. State Fund further alleges that the fictitiously named defendants are the alter egos of some or all of the Defendants, that it would be inequitable to recognize the corporate status of some or all of the Defendants, that the corporate veil should be pierced, and that the fictitiously named Defendants should be held liable.  When the nature and identity of such fictitiously named Defendants and their responsibility for, participation in and contribution to the matters herein alleged has been ascertained, State Fund will seek leave to amend this Complaint to set forth the same.

13.     State Fund is informed and believes, and on that basis alleges, that each of the Defendants is, and at all relevant times was, the agent, joint venturer, alter ego and/or employee of each of his or its co-Defendants, and in

1  committing the acts alleged herein, was acting within the scope of said agency, joint

2  venture, alter ego and/or employment relationship, and with the knowledge,

3  acquiescence or subsequent ratification of the co-Defendants.

4

5  **JURISDICTION AND VENUE**

6        14.    This Court has jurisdiction over the claims for relief arising

7  under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.

8  §§ 1961, *et seq*., pursuant to 18 U.S.C. § 1964(c).  Original jurisdiction is proper

9  pursuant to 28 U.S.C. § 1337, and supplemental jurisdiction exists over the state law

10  causes of action pursuant to 28 U.S.C. § 1367(a).

11

12        15.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because

13  a substantial part of the events giving rise to the claims asserted herein occurred

14  within this judicial district in that the acts of mail and wire fraud, violation of

15  California insurance and labor laws, and fraud occurred within this judicial district.

16  Venue is also proper in the Central District of California under 18 U.S.C.

17  §§ 1381(b) and 1965(a) because defendants Sorensen, Pachon and Maxwell reside

18  in this judicial district, and all Defendants transact business within this judicial

19  district.

20

21  **GENERAL ALLEGATIONS**

22  **APPLICABLE TO ALL CLAIMS FOR RELIEF**

23        16.    State Fund issued policies of insurance to its named

24  policyholders Onvoi Business Solutions, Inc. for workers' compensation insurance.

25  State Fund paid, and continues to pay, the claims of injured workers who have made

26  claims under those policies.  State Fund calculates the premium for such policies

27  based on the payroll paid to workers in each job classification as required by the

28  Uniform Statistical Reporting Plan promulgated by the Workers' Compensation

1  Insurance Rating Bureau and using the rates filed with the Department of Insurance.
2  State Fund applies the experience modification factor of its policyholders to either
3  increase the premium (for risks that are higher and have a higher experience
4  modification factor) or decrease the premium (for risks that are lower and have a
5  lower experience modification factor).

6

7       17.    For all times relevant to this Complaint, Select has had a high
8  experience modification factor, and Onvoi has had a low experience modification
9  factor, which facts incentivized the defendants to commit fraud against the State
10 Fund so that they could obtain insurance without paying the proper premium for it.

11

12      18.    State Fund is informed and believes that at all times relevant to
13 this Complaint, Select, Real Time, Koosharem, New Koosharem, Sorensen, Pachon
14 and Maxwell (collectively "RICO Defendants") engaged in illegal and fraudulent
15 activity by submitting fraudulent and misleading information to State Fund.  The
16 scheme was intended to hide and conceal Select, Real Time and Koosharem, which
17 was the insured risk and pretend that their business, clients and workers were
18 Onvoi's.  Specifically, the RICO Defendants submitted false new client notification
19 letters that falsely purported to represent Select's clients as Onvoi's; the RICO
20 Defendants submitted reports of injured workers to Onvoi, knowing that those
21 reports would be submitted to State Fund as injuries of Onvoi's workers; the RICO
22 Defendants submitted payroll data, including false classification codes to Onvoi,
23 knowing that the data would be submitted to State Fund and that State Fund would
24 rely on it as Onvoi's payroll data instead of Select's payroll data.  The RICO
25 Defendants submitted this information using email, and, on information and belief,
26 facsimile and mail.

27

28

19.     On or about September 1, 2011, State Fund obtained a judgment (the "Judgment") jointly and severally against Select, Onvoi Business Solutions, Inc. and OBS Personnel, Inc. in the amount of $50,779,165 (plus costs to be determined) in the matter of *State Compensation Insurance Fund v. Onvoi Business Solutions, et al*, Superior Court of the State of California, case number CGC 07-470352.  A copy of the Judgment is attached hereto as Exhibit A.  The jury found that Select, Onvoi and OBS had, among other things, committed fraud and concealment against the State Fund, conspired to defraud the State Fund and that Select had aided and abetted Onvoi's fraud against the State Fund.  Select has failed and refused to pay the Judgment.

20.     The RICO Defendants violated the following California laws by the submission of false and misleading information as alleged above:  Insurance Code § 11760 (which makes it unlawful to "make or cause to be made any knowingly false or fraudulent statement, whether made orally or in writing, of any fact material to the determination of the premium, rate, or cost of any policy of workers' compensation insurance, for the purpose of reducing the premium, rate, or cost of the insurance"); Insurance Code § 11755 (which makes it unlawful to "willfully withhold information from, or knowingly give false or misleading information to, the commissioner or to any rating organization, which will affect the rates, rating systems or premiums for workers' compensation insurance and employer's liability insurance incidental thereto and written in connection therewith"); Insurance Code § 1871.4 (which makes it unlawful to make or "cause to be made a knowingly false or fraudulent material statement or material representation for the purpose of obtaining or denying any compensation" or to present or "cause to be presented a knowingly false or fraudulent written or oral material statement in support of, or in opposition to, a claim for compensation for the purpose of obtaining or denying any compensation"); Labor Code § 3820 (which

1  makes it unlawful to willfully "misrepresent any fact in order to obtain workers'
2  compensation insurance at less than the proper rate" and present or "cause to be
3  presented any knowingly false or fraudulent written or oral material statement in
4  support of, or in opposition to, any claim for compensation"); and Insurance Code
5  § 11880 (which makes it "unlawful to make or cause to be made any knowingly
6  false or fraudulent statement, whether made orally or in writing, of any fact material
7  to the determination of the premium, rate, or cost of any policy of workers'
8  compensation insurance issued or administered by the State Compensation
9  Insurance Fund for the purpose of reducing the premium, rate, or cost of the
10 insurance").

11

12        **ALLEGATIONS RELEVANT TO FRAUDULENT TRANSFER CLAIM**

13        21.    State Fund is, and was at all times material to this Complaint,
14 including, without limitation, prior to, at and after the time of the Transfers (as
15 defined herein), a creditor of the following entities (collectively, the "Transferors"):
16 Select, Koosharem, and New Koosharem and each of their affiliates.

17

18        22.    State Fund is informed and believes, and on that basis alleges,
19 that one or more of the Transferors made one or more transfers (each, a "Transfer"
20 and collectively, the "Transfers") of up to an aggregate amount equal to or in excess
21 of $80,000,000 to Sorensen, the Sorensen Trust, Alliance, and/or Investments or any
22 of their affiliates, except for the Transferors (collectively the "Transferees").

23

24        23.    State Fund is informed and believes, and on that basis alleges,
25 that the Transferors were insolvent at the time of the Transfers or became insolvent
26 as a result of the Transfers.

27

28

24.    State Fund is informed and believes, and on that basis alleges, that at all times material to the Complaint, including, without limitation at, prior to and after the time of the Transfers, the Transferors operated as a single, integrated enterprise by, among other things, including without limitation, holding themselves out to the public and others and marketing themselves as a single enterprise, filing consolidated tax returns and preparing consolidated financial statements, collectively managing and maintaining their finances and paying for general expenses, utilizing and sharing the same resources (including office space, utility services, and employees and consultants), representing and referring to themselves as a single entity, sharing overlapping ownership over affiliates, sharing officers, and sharing computer systems.

25.    State Fund is informed and believes, and on that basis alleges, that in 2007, Koosharem obtained loans from certain lenders (the "Lenders") in the aggregate principal amount of $400,000,000 (the "Loans") pursuant to two loan agreements (the "Loan Agreements").

26.    State Fund is informed and believes, and on that basis alleges, that Select guaranteed repayment of the Loans and all other obligations under the Loan Agreements and any other document delivered in connection therewith (the "Guaranty"), and granted to the Lenders a security interest in substantially all of its personal property assets in support of such guaranty obligation (the "Pledge").

27.    State Fund is informed and believes, and on that basis alleges, that if Select had not provided the Guaranty and the Pledge, the Lenders would not have provided the Loans and the Transferees would not have received the Transfers.

28.     State Fund did not learn of the Guaranty and Pledge until August 2011.

29.     State Fund is informed and believes, and on that basis alleges, that Select's provision of the Guaranty and the Pledge enabled, caused and resulted in certain of the Transfers to the Transferees.

## FIRST CLAIM FOR RELIEF

**Against the RICO Defendants and Does 1- 5 for Violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 (c)**

30.     State Fund re-alleges and incorporates by reference herein, as if set forth in full, the allegations set forth above in all paragraphs 1 through 29 of this Complaint.

31.     The RICO Defendants and Does 1 through 5 are capable of holding a legal or beneficial interest in property and are, therefore, each a "person" within the meaning of 18 U.S.C. § 1961(3).

*The RICO Enterprise*

32.     The RICO Defendants and Does 1 through 5, acting in concert, have unlawfully, knowingly, and intentionally conducted and are continuing to conduct an enterprise referred to herein as the "Sorensen Fraud Enterprise," an association-in-fact. The RICO Defendants conducted and participated in the conduct of this enterprise by unlawfully procuring and utilizing workers' compensation insurance from State Fund in violation of California Insurance and Labor Code laws.

33.     The continuing association formed by these parties constitutes a RICO enterprise within the meaning of 18 U.S.C. § 1961(4).

*Pattern of Racketeering Activity*

34.     The RICO Defendants and Does 1 through 5, acting in concert, have unlawfully, knowingly, and intentionally conducted and participated, and continue to conduct and participate, in the affairs of the Sorensen Fraud Enterprise through a pattern of racketeering activity that includes devising and intending to devise and execute a scheme and artifice to defraud and to obtain insurance by means of false and fraudulent pretenses, representations, and promises, through the use of the U.S. mails, private and commercial interstate carriers, through the use of interstate wires and radio communications, and through travel in interstate and international commerce in possession of property obtained by theft, conversion, or fraud having a value of more than $5,000.

35.     This racketeering activity was performed by the RICO Defendants and Does 1 through 5,  in furtherance of their scheme (1) to obtain workers' compensation insurance without paying the proper premium using the correct rates, classification, or experience modification; (2) to wrongfully and unlawfully obtain workers' compensation insurance benefits for employees of Select, Real Time, Koosharem and/or New Koosharem and its affiliates so that they did not become liable in tort for such claims and face business closure for failure to have workers' compensation insurance; (3) to deprive State Fund of the full and fair premium for the risk it was insuring.

36.     The RICO Defendants and Does 1 through 5, have violated 18 U.S.C. § 1962(c) by conducting or participating in the conduct of their enterprise's affairs through a pattern of racketeering activity.

*Use of the U.S. Mails, Private Or Commercial Interstate Carriers,*
*And Interstate Wires*

37.     The RICO Defendants and Does 1 through 5, acting in concert unlawfully, willfully, and knowingly used the U.S. mails, private or commercial interstate carriers, and interstate wires, in furtherance of their scheme and artifice to defraud State Fund.

*Interstate Transportation in Connection with the Receipt, Possession, Concealment*
*and Use of Property Obtained By Theft, Conversion, Or Fraud*

38.     State Fund is informed and believes and on that basis alleges that, in 2002, "Select's family of businesses" had annual revenue of between $200 million and $325 million and operated in only a few states.  As a result of the pattern described above, "Select's family of businesses" including Select, Real Time, Koosharem and New Koosharem, grew to company of almost $2 billion of revenue, with operations almost nationwide in 45 states.

39.     Each of the foregoing acts of racketeering by the RICO Defendants, acting in concert, was unlawfully, fraudulently, and intentionally related, continuous and part of a pattern of conduct related to the fraud against State Fund, and continuing over a substantial period of time.

40.     The RICO Defendants, acting in concert, have unlawfully, knowingly, and intentionally engaged in two or more acts indictable under the Federal Mail Fraud Statute, 18 U.S.C. § 1341, the Federal Wire Fraud Statute, 18 U.S.C. § 1343, and violations of state law as alleged herein, and have therefore unlawfully, fraudulently, and intentionally engaged in predicate acts of racketeering within the meaning of 18 U.S.C. § 1961(1)(B).

41.     As a direct and proximate result of the RICO Defendants' acting in concert and their willful, unlawful participation in and conduct in the Sorensen Fraud Enterprise through a pattern of racketeering in violation of 18 U.S.C. § 1962(c), State Fund has been injured in its business and property as described above.

42.     Pursuant to 18 U.S.C. § 1964, State Fund is entitled to damages, including treble damages, for the injuries, and is entitled to costs of the suit, including reasonable attorney's fees.

43.     State Fund seeks damages in an amount to be proven, as well as attorneys' fees and costs to the extent allowed by law.

## SECOND CLAIM FOR RELIEF

**Against the RICO Defendants and Does 1-55 for Violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d)**

44.     State Fund re-alleges and incorporates by reference herein, as if set forth in full, the allegations set forth above in all paragraphs 1 through 43 of this Complaint.

45.     The RICO Defendants and Does 1 through 5, knowingly, unlawfully, and intentionally acting in concert, have unlawfully, fraudulently, and intentionally conspired together to plan and perpetrate a fraudulent scheme to carry out the Sorensen Fraud Enterprise, the RICO enterprise described above.

46.     Specifically, the RICO Defendants and Does 1 through 5, knowingly, unlawfully, and intentionally acting in concert, have unlawfully, fraudulently, and intentionally conspired together to (a) obtain and misuse State

1  Fund's insurance; (b) submit claims of employees of Select, Real Time, Koosharem
2  and/or New Koosharem under Onvoi's policies; (c) to defraud State Fund out of fair
3  and full premium, and (d) conduct other illegal activities in furtherance of their
4  scheme to defraud State Fund.

6      47.    As a direct and proximate result of the RICO Defendants'
7  wrongful and unlawful actions described herein, State Fund has sustained actual
8  damages, and will continue to accrue and sustain such damage in the future on an
9  ongoing and continuing basis.

11              **THIRD CLAIM FOR RELIEF**

12  **Against Koosharem, New Koosharem, Select Real Time and Does 6 and 7 for**
    **Violation of the Racketeer Influenced and Corrupt Organizations Act,**
13                    **18 U.S.C. § 1962(a)**

14      48.    State Fund re-alleges and incorporates by reference herein, as if
15  set forth in full, the allegations set forth above in all paragraphs 1 through 47 of this
16  Complaint.

18      49.    Koosharem, New Koosharem, Select, Real Time, and Does 6 and
19  7 received income derived from the Sorensen Fraud Enterprise and the pattern of
20  racketeering activity as described more fully above, and used such income and
21  proceeds to continue the enterprise, which affects interstate commerce.

23      50.    As a direct and proximate result of the wrongful and unlawful
24  actions described herein, State Fund has sustained actual damages, and will continue
25  to accrue and sustain such damage in the future on an ongoing and continuing basis.

26
27
28

## FOURTH CLAIM FOR RELIEF

**Against Koosharem, New Koosharem, Select Real Time and Does 6 and 7 for Violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(b)**

51.     State Fund re-alleges and incorporates by reference herein, as if set forth in full, the allegations set forth above in all paragraphs 1 through 50 of this Complaint.

52.     State Fund is informed and believes that Koosharem, New Koosharem, Select, Real Time, and Does 6 and 7 acquired and maintained an interest in and controlled the Sorensen Fraud Enterprise.

53.     As a direct and proximate result of the wrongful and unlawful actions described herein, State Fund has sustained actual damages, and will continue to accrue and sustain such damage in the future on an ongoing and continuing basis.

## FIFTH CLAIM FOR RELIEF

**Fraudulent Transfer Against Koosharem, New Koosharem, Sorensen, Sorensen Trust, Alliance, Investments and Does 8 -10 pursuant to Cal. Civ. Code § 3439.04(a)(1)**

54.     State Fund re-alleges and incorporates by reference herein, as if set forth in full, the allegations set forth above in all paragraphs 1 through 53 of this Complaint.

55.     Some or all of the Transfers by the Transferors to the Transferees are avoidable pursuant to California Civil Code section 3439.04(a)(1) in that such Transfers were made with an actual intent to hinder, delay or defraud creditors of the Transferors.

56.     By reason of such Transfers, and unless such Transfers are avoided or other appropriate relief is granted as circumstances may require, State Fund suffered, and will suffer, damages proximately caused by such Transfers in an amount to be proven at trial.

57.     Such Transfers were made with malice, oppression and intent, and based thereon, State Fund is entitled to recover punitive and exemplary damages.

## SIXTH CLAIM FOR RELIEF

**Fraudulent Transfer Against Koosharem, New Koosharem, Sorensen, Sorensen Trust, Alliance, Investments and Does 8 - 10 pursuant to Cal. Civ. Code § 3439.04(a)(2)**

58.     State Fund re-alleges and incorporates by reference herein, as if set forth in full, the allegations set forth above in all paragraphs 1 through 57 of this Complaint.

59.     The Transfers by the Transferors to the Transferees are avoidable pursuant to California Civil Code section 3439.04(a)(2) in that such Transfers were made without the Transferors receiving a reasonably equivalent value in exchange for such Transfers, and the Transferors either: (A) were engaged or were about to engage in a business or a transaction for which the remaining assets of the Transferors were unreasonably small in relation to the business or transaction, or (B) intended to incur, or believed or reasonably should have believed that the Transferors would incur, debts beyond their ability to pay as they became due.

60. By reason of such Transfers, and unless such Transfers are avoided or other appropriate relief is granted as circumstances may require, State Fund suffered, and will suffer, damages proximately caused by such Transfers in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF

### Fraudulent Transfer Against Koosharem, New Koosharem, Sorensen, Sorensen Trust, Alliance, Investments and Does 8 - 10 pursuant to Cal. Civ. Code § 3439.05

61. State Fund re-alleges and incorporates by reference herein, as if set forth in full, the allegations set forth above in all paragraphs 1 through 60 of this Complaint.

62. Certain Transfers by the Transferors to the Transferees are avoidable pursuant to California Civil Code section 3439.05 in that such Transfers were made without the Transferors receiving a reasonably equivalent value in exchange for the Transfers, and the Transferors were insolvent at the time of the Transfers or became insolvent as a result of the Transfers.

63. By reason of such Transfers, and unless such Transfers are avoided or other appropriate relief is granted as circumstances may require, State Fund suffered, and will suffer, damages proximately caused by such Transfers in an amount to be proven at trial.

## JURY DEMAND

64. State Fund hereby demands a jury.

## **PRAYER FOR RELIEF**

WHEREFORE, State Fund prays for judgment against defendants, and each of them, as follows:

1.    For the first, second, third and fourth claims for relief, actual damages, trebled;

2.    For exemplary damages of double the damage award;

3.    For actual damages;

4.    On its fifth, sixth and seventh claims for all appropriate remedies under California Civil Code section 3439.07;

5.    For punitive and exemplary damages;

6.    For its attorneys' fees;

7.    For costs incurred in this action;

8.    For prejudgment interest; and

1     9.     For such other and further relief as this Court may deem just and

2   proper.

3

4   Dated:  November 7, 2011

5                                      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

6

7                               By _____

8                                           GREGORY A. LONG

9                                           SASCHA HENRY

                                            PAUL SEELEY

10                                          Attorneys for Plaintiff

11                                  STATE COMPENSATION INSURANCE FUND

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "A"



# FILED

**San Francisco County Superior Court**

SEP - 1 2011

CLERK OF THE COURT

BY: _Nancy Regas_
                    Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| STATE COMPENSATION INSURANCE FUND, )<br><br>Plaintiff, )<br><br>v. )<br><br>ONVOI BUSINESS SOLUTIONS, INC., )<br>a California corporation; SELECT )<br>PERSONNEL SERVICES, INC., a )<br>California corporation; and DOES 1 )<br>through 50, Inclusive, )<br><br>Defendants. )  | Case No. CGC 07-470352<br><br>JUDGMENT ON SPECIAL VERDICT<br><br>Trial Date: May 23, 2011 |

This action came on regularly for trial by jury commencing on May 23, 2011, in

Department 602 of the above-entitled court, the Honorable Charlene Padovani

Kiesselbach presiding. Plaintiff State Compensation Insurance Fund ("State Fund") was

represented by Sascha V.M. Henry, Esq., and Gregory A. Long, Esq., Sheppard Mullin

Richter & Hampton LLP. Defendant Select Personnel Services, Inc., a California

corporation, ("Select") was represented by Susan Azad, Esq., Wendy Harper, Esq., and

Rachel Pressman, Esq., Latham and Watkins, LLP.

1

20

Defendant Onvoi Business Solutions, Inc., a California corporation, ("Onvoi"), on November 2, 2009, filed an answer to State Fund's Second Amended Complaint, but did not appear at trial.

By Order of this Court filed June 30, 2009, State Fund was granted leave to add OBS Personnel, Inc. ("OBS") for the defendant fictitiously named as "Doe 1" in the Second Amended Complaint. Thereafter, OBS was served with the Second Amended Complaint, but failed to answer or otherwise respond. On October 12, 2010, entry of default was filed against OBS.

Prior to jury selection, the trial was bifurcated into two phases: (1) trial on issues of liability and compensatory damages; and (2) liability for punitive damages.

A jury of twelve persons and six alternates was duly impaneled and sworn on June 9, 2011. Witnesses were sworn and gave testimony, and other evidence was admitted. The jury was duly instructed by the Court and heard closing arguments by counsel. The jury deliberated, and thereafter returned to court on August 3, 2011, with its verdict consisting of the special issues submitted to the jury and the answers given thereto by the jury, which verdict was in the words attached hereto as Exhibit A.

Thereafter, the punitive damages phase of the trial proceeded with the same jury of twelve persons and six alternates. A witness was sworn and gave testimony, and other evidence was admitted. The jury was duly instructed by the Court and heard closing arguments by counsel. The jury deliberated, and thereafter returned to court on August 4, 2011, with its verdict consisting of the special issues submitted to the jury and the answers given thereto by the jury, which verdict was in the words attached hereto as Exhibit B.

2

21

Following said verdicts of the jury, the Court, after considering the written and oral argument of counsel, determined that State Fund is required by law to make an election of the remedies among the damages awarded pursuant to the special verdicts of the jury. Specifically, State Fund is not entitled to collect both common law damages and the statutory penalties under California Insurance Code section 756; and that, further, State Fund is not entitled to duplicative common law damages. On August 24, 2011, State Fund filed its Statement Electing Tort Remedies, whereby State Fund elected the tort remedies determined by the jury in the special verdicts of: (1) compensatory damages in the amount of $30,152,921.00; (2) prejudgment interest in the amount of $18,626,244.00; (3) punitive damages against Onvoi in the amount of $2,000,000; and (4) punitive damages against Select in the amount of $2,000,000.

Also, following said special verdicts of the jury, the Court, after considering the written and oral argument of counsel, determined OBS liable to State Fund as the alter ego of Onvoi; and that State Fund is entitled to default judgment against OBS for damages in an amount not to exceed that prayed for in the Second Amended Complaint. Accordingly, OBS, as the alter ego of Onvoi, is liable on this Judgment for damages in the same amount as Onvoi. (*Las Palmas Associates v. Las Palmas Center Associates* (1991) 235 Cal.App.3d 1220, 1249-1252.)

It appears by reason of said special verdicts, the default of OBS and the determination that OBS is the alter ego of Onvoi, and the election of remedies by State Fund, that State Fund is entitled to Judgment against Onvoi, OBS and Select.

3

22

NOW THEREFORE, GOOD CAUSE APPEARING, IT IS ORDERED, ADJUDGED AND DECREED:

JUDGMENT is for PLAINTIFF State Compensation Insurance Fund, and AGAINST DEFENDANTS Onvoi Business Solutions, Inc., OBS Personnel Inc., and Select Personnel Services, Inc., as follows:

1. Damages in the amount of Thirty Million One Hundred Fifty-Two Thousand Nine Hundred Twenty-One Dollars ($30,152,921), jointly and severally, against Onvoi Business Solutions, Inc., OBS Personnel Inc., and Select Personnel Services, Inc.;

2. Prejudgment Interest in the amount of Eighteen Million Six Hundred Twenty-Six Thousand Two Hundred Forty-Four Dollars ($18,626,244), jointly and severally, against Onvoi Business Solutions, Inc., OBS Personnel Inc., and Select Personnel Services, Inc.;

3. Punitive Damages in the amount of Two Million Dollars ($2,000,000), jointly and severally, against Onvoi Business Solutions, Inc. and OBS Personnel Inc.; and

4. Punitive Damages in the amount of Two Million Dollars ($2,000,000) against Select Personnel Services, Inc.

State Compensation Insurance Fund is entitled to post judgment interest at the rate of ten percent (10%) per annum, in accordance with the provisions of California Code of Civil Procedure sections 685.010(a) and 685.020(a).

4

23

State Compensation Insurance Fund is entitled to reasonable costs of suit from

Onvoi Business Solutions, Inc., OBS Personnel Inc., and Select Personnel Services, Inc.,

jointly and severally, in the amount of $_____ .

Reasonable costs of suit are to be determined by the Court pursuant to a Memorandum of

Costs to be filed with the Court in accordance with California Code of Civil Procedure

section 1033.5 and California Rules of Court, rule 3.1700.

Dated: September 1, 2011

Charlene Padovani Kiesselbach
Judge of the Superior Court

5

24

PAGE   06/26

# EXHIBIT A

25



1

2

3   **F I L E D**
San Francisco County Superior Court

4   AUG − 3 2011

5   CLERK OF THE COURT
BY: _Nancy Regas_
6   Deputy Clerk

7

8

9   SUPERIOR COURT OF THE STATE OF CALIFORNIA

10   FOR THE COUNTY OF SAN FRANCISCO

11   STATE COMPENSATION INSURANCE FUND,

12                                   Case No. CGC 07-470352

     Plaintiff,                      *Hon. Charlene P. Kiesselbach, Dept. 602*
13
          v.                         **SPECIAL VERDICT FORM**
14

15   ONVOI BUSINESS SOLUTIONS, INC., a California corporation; SELECT
16   PERSONNEL SERVICES, INC., a California corporation; OBS
17   PERSONNEL, INC., a California corporation, and DOES 2 through 50,
18   Inclusive,

19                   Defendants.

20

21

22

23

24

25

26

27

28

W02-WEST:LSG\403688054.8                          SPECIAL VERDICT FORM

26

1    We, the jury in the above-entitled action, find the following special verdict on the

2  following questions submitted to us:

3

4  **I.    Breach of Contract:**

5  QUESTION NO. 1:

6  With respect to the insurance policies with State Fund, was Onvoi acting as Select's agent?

7          ANSWER: "Yes" or "No" below.

8          _X_ Yes          _____ No

9          Please answer the next question.

10

11  QUESTION NO. 2:

12  Did Onvoi and/or Select fail to do something that either or both of the contracts required it

13  to do?

14          ANSWER: "Yes" or "No" below.

15          Onvoi:    _X_ Yes          _____ No

16          Select:   _X_ Yes          _____ No

17          If either answer is "yes," then please answer the next question.

18          If both of your answers are "no," please proceed to Question No. 7.

19

20  QUESTION NO. 3:

21  Was State Fund harmed by that failure?

22          ANSWER: "Yes" or "No" below.

23          _X_ Yes          _____ No

24          If you answer "yes," then please answer the next question.

25          If you answer "no," please proceed to Question No. 7.

26

27

28

-1-

W02-WEST:LSG403688054.8                                    SPECIAL VERDICT FORM

27

1  QUESTION NO. 4:

2  Did State Fund suffer the claimed harm as the result of Select's breaches of contract before

3  May 20, 2005?

4       ANSWER: "Yes" or "No" below.

5       _____Yes          _____No

6       If you answer "yes," then please answer the next question.

7       If you answer "no," please proceed to Question No. 6.

8

9  QUESTION NO. 5:

10  Did State Fund discover, or know of facts that would have caused a reasonable person to

11  suspect, that Select was a cause of State Fund's harm for Select's breach of contract before

12  May 20, 2005?

13       ANSWER: "Yes" or "No" below.

14       _____Yes          _____No

15       Please proceed to the next question.

16

17  QUESTION NO. 6:

18  What are State Fund's damages that are attributable to the breach of contract by Onvoi

19  and/or Select?

20       Onvoi:       $ 30,152,921.00

21       Select:      $ 30,152,921.00

22       Please proceed to the next question.

23

24  II.    Services Rendered:

25  QUESTION NO. 7:

26  Did Onvoi and/or Select request that State Fund perform services for its/their benefit?

27       ANSWER: "Yes" or "No" below.

28       Onvoi:       ____Yes          _____No

-2-

W02-WEST:1SGV403688054.8                                    SPECIAL VERDICT FORM

28

1    Select:          X    Yes              _____ No

2    If either answer is "yes," then please answer the next question.

3    If both of your answers are "no," please proceed to Question No. 12.

4

5    **QUESTION NO. 8:**

6    Did Onvoi and/or Select fail to pay State Fund for those services?

7         ANSWER: "Yes" or "No" below.

8         Onvoi:        X    Yes              _____ No

9         Select:       X    Yes              _____ No

10        If either answer is "yes," then please answer the next question.

11        If both of your answers are "no," please proceed to Question No. 12.

12

13   **QUESTION NO. 9:**

14   Did State Fund suffer the claimed harm as the result of Select's liability for services

15   rendered before May 20, 2005?

16        ANSWER: "Yes" or "No" below.

17        _____ Yes              X    No

18        If you answer "yes," then please answer the next question.

19        If you answer "no," please proceed to Question No. 11.

20

21   **QUESTION NO. 10:**

22   Did State Fund discover, or know of facts that would have caused a reasonable person to

23   suspect, that Select was a cause of State Fund's harm for Select's liability for services

24   rendered before May 20, 2005?

25        ANSWER: "Yes" or "No" below.

26        _____ Yes              _____ No

27        Please proceed to the next question.

28

-3-

29

1  QUESTION NO. 11:

2  What is the reasonable value of the services that State Fund provided that have not been

3  paid for?

4       Onvoi:        $ 30,152,921.00

5       Select:       $ 30,152,921.00

6       Please proceed to the next question.

7

8  **III.    Money Due on an Open Book Account:**

9  QUESTION NO. 12:

10  Did State Fund have a financial transaction with Onvoi and/or Select?

11       ANSWER: "Yes" or "No" below.

12       Onvoi:        X   Yes              _____ No

13       Select:       X   Yes              _____ No

14       If either answer is "yes," then please answer the next question.

15       If both answers are "no," please proceed to Question No. 18.

16

17  QUESTION NO. 13:

18  Did State Fund keep an open account of the debits and credits involved in the transactions?

19       ANSWER: "Yes" or "No" below.

20       Onvoi:        X   Yes              _____ No

21       Select:       X   Yes              _____ No

22       If either answer is "yes," then please answer the next question.

23       If both answers are "no," please proceed to Question No. 18.

24

25  QUESTION NO. 14:

26  Does Onvoi and/or Select owe money to State Fund on the accounts?

27       ANSWER: "Yes" or "No" below.

28       Onvoi:        X   Yes              _____ No

-4-

W02-WEST:LSG\403689054.8                              SPECIAL VERDICT FORM

30

1  Select:        _X_ Yes            _____ No

2     If either answer is "yes," then please answer the next question.

3     If both of your answers are "no," please proceed to Question No. 18.

4

5  QUESTION NO. 15:

6  Did State Fund suffer the claimed harm as the result of Select's liability for money due on

7  an open book account before May 20, 2005?

8     ANSWER: "Yes" or "No" below.

9     _____ Yes            _X_ No

10    If you answer "yes," then please answer the next question.

11    If you answer "no," please proceed to Question No. 17.

12

13 QUESTION NO. 16:

14 Did State Fund discover, or know of facts that would have caused a reasonable person to

15 suspect, that Select was a cause of State Fund's harm for Select's liability for money due on

16 an open book account before May 20, 2005?

17    ANSWER: "Yes" or "No" below.

18    _____ Yes            _____ No

19    Please proceed to the next question.

20

21 QUESTION NO. 17:

22 What is the amount of money that State Fund is owed?

23    Onvoi:        $ 21,407,867.00

24    Select:        $ 21,404,867.00

25    Please answer the next question.

26

27

28

                                 -5-

W02-WEST:LSGV403688054.8                                        SPECIAL VERDICT FORM

31

**IV.** **Money Due on an Account Stated:**

QUESTION NO. 18:

Do Onvoi and/or Select owe State Fund money from previous financial transactions?

    ANSWER: "Yes" or "No" below.

    Onvoi:       **X** Yes            \_\_\_\_\_No

    Select:.      **X** Yes            \_\_\_\_\_No

    If either answer is "yes," then please answer the next question.

    If both of your answers are "no," please proceed to Question No. 25.

QUESTION NO. 19:

Did Onvoi and/or Select agree with State Fund, by words or conduct, that the amounts stated in the accounts were the correct amounts owed to State Fund?

    Onvoi:       **X** Yes            No

    Select:       **X** Yes            No

    If either answer is "yes," then please answer the next question.

    If both of your answers are "no," please proceed to Question No. 25.

QUESTION NO. 20:

Did Onvoi and/or Select promise to pay the stated amount(s) to State Fund?

    Onvoi:       **X** Yes            No

    Select:       **X** Yes            No

    If either answer is "yes," then please answer the next question.

    If both of your answers are "no," please proceed to Question No. 25.

QUESTION NO. 21:

Have Onvoi and/or Select not paid State Fund all of the amounts owed under the accounts?

    ANSWER: "Yes" or "No" below.

    Onvoi:       **X** Yes            No

-6-

32

Select:    ✗  Yes    _____ No

If you answer "yes," then please answer the next question.

If both your answers are "no," then please proceed to Question No. 25.

**QUESTION NO. 22:**

Did State Fund suffer the claimed harm as the result of Select's liability for money due on account stated before May 20, 2005?

ANSWER: "Yes" or "No" below.

_____ Yes    ✗  No

If you answer "yes," then please answer the next question.

If you answer "no," please proceed to Question No. 24.

**QUESTION NO. 23:**

Did State Fund discover, or know of facts that would have caused a reasonable person to suspect, that Select was a cause of State Fund's harm for Select's liability for money due on an account stated before May 20, 2005?

ANSWER: "Yes" or "No" below.

_____ Yes    _____ No

Please proceed to the next question.

**QUESTION NO. 24:**

What is the amount of money that State Fund is owed?

Onvoi:    $ 21,404,867.00

Select:    $ 21,404,867.00

Please proceed to the next question.

-7-

W02-WEST:LSG\403688054.8    SPECIAL VERDICT FORM

33

**V.    Intentional Misrepresentation and Concealment:**

**QUESTION NO. 25:**

Did Onvoi and/or Select make a false representation of an important fact to State Fund?

ANSWER: "Yes" or "No" below.

Onvoi:          X    Yes                    _____No

Select:         X    Yes                    _____No

If either answer is "yes," then please answer the next question.

If you answer "no" to both questions, please proceed to Question No. 30.

**QUESTION NO. 26:**

Did Onvoi and/or Select either know that the representation was false when it/they made it or make the representation recklessly and without regard for its truth?

ANSWER: "Yes" or "No" below.

Onvoi:          X    Yes                    _____No

Select:         X    Yes                    _____No

If either answer is "yes," then please answer the next question.

If you answer "no" to both questions, please proceed to Question No. 30.

**QUESTION NO. 27:**

Did Onvoi and/or Select intend that State Fund rely on the false representation?

ANSWER: "Yes" or "No" below.

Onvoi:          X    Yes                    _____No

Select:         X    Yes                    _____No

If either answer is "yes," then please answer the next question.

If you answer "no" to both questions, please proceed to Question No. 30.

**QUESTION NO. 28:**

Did State Fund reasonably rely on the false representation?

-8-

W02-WEST:LSG\403688054.8                                    SPECIAL VERDICT FORM

34

1    ANSWER: "Yes" or "No" below.

2    Onvoi:          ✗ Yes              _____ No

3    Select:         ✗ Yes             _____ No

4    If either answer is "yes," then please answer the next question.

5    If you answer "no" to both questions, please proceed to Question No. 30.

6

7    QUESTION NO. 29:

8    Was State Fund's reliance on the false representation a substantial factor in causing harm

9    to State Fund?

10    ANSWER: "Yes" or "No" below.

11    Onvoi:          ✗ Yes              _____ No

12    Select:         ✗ Yes             _____ No

13    Please proceed to the next question.

14

15   QUESTION NO. 30:

16   Did Onvoi and/or Select deceive State Fund by disclosing some facts but intentionally

17   failing to disclose other important facts making the disclosure deceptive, or by

18   intentionally failing to disclose an important fact that was known only to the defendant and

19   that State Fund could not have discovered, or by actively concealing an important fact

20   from State Fund?

21    ANSWER: "Yes" or "No" below.

22    Onvoi:          ✗ Yes              _____ No

23    Select:         ✗ Yes             _____ No

24    If either answer is "yes," then please answer the next question.

25    If you answer "no" to both, please proceed to Question No. 36.

26

27   QUESTION NO. 31:

28   Did State Fund not know of the concealed fact?

-9-

W02-WEST:LSG403688054.8

35

1 ANSWER: "Yes" or "No" below.

2 Onvoi: __X__ Yes _____ No

3 Select: __X__ Yes _____ No

4 If either answer is "yes," then please answer the next question.

5 If you answer "no" to both, please proceed to Question No. 36.

6

7 QUESTION NO. 32:

8 Did Onvoi and/or Select intend to deceive State Fund by concealment?

9 ANSWER: "Yes" or "No" below.

10 Onvoi: __X__ Yes _____ No

11 Select: __X__ Yes _____ No

12 If either answer is "yes," then please answer the next question.

13 If you answer "no" to both, please proceed to Question No. 36.

14

15 QUESTION NO. 33:

16 Did State Fund reasonably rely on Onvoi's and/or Select's deception?

17 ANSWER: "Yes" or "No" below.

18 Onvoi: __X__ Yes _____ No

19 Select: __X__ Yes _____ No

20 If either answer is "yes," then please answer the next question.

21 If you answer "no" to both, please proceed to Question No. 36.

22

23 QUESTION NO. 34:

24 Was the concealment a substantial factor in causing harm to State Fund?

25 ANSWER: "Yes" or "No" below.

26 Onvoi: __X__ Yes _____ No

27 Select: __X__ Yes _____ No

28 If either answer is "yes," then please answer the next question.

-10-

SPECIAL VERDICT FORM

36

1    If you answer "no" to both, please proceed to Question No. 36.

2

3  **QUESTION NO. 35:**

4  Did Onvoi and/or Select have a duty to disclose an important fact and/or to not conceal an

5  important fact from State Fund?

6    ANSWER: "Yes" or "No" below.

7    Onvoi:    __X__ Yes    _____ No

8    Select:    __X__ Yes    _____ No

9    Please proceed to the next question.

10

11  **QUESTION NO. 36:**

12  If you answered "yes" as to Onvoi in Question Nos. 29 and/or 35, then answer the

13  following question as to Onvoi.  What is the total amount of all damages that were

14  incurred by State Fund as a result of the misrepresentation and/or concealment by Onvoi?

15    ANSWER:

16    Onvoi:    $ 30,152,921.00

17    Please proceed to the next question.

18

19  **QUESTION NO. 37:**

20  Did State Fund's claimed harm for intentional misrepresentation and/or concealment by

21  Select occur before May 20, 2006?

22    ANSWER: "Yes" or "No" below.

23    Intentional Misrepresentation:    _____ Yes    __X__ No

24    Concealment:    _____ Yes    __X__ No

25    If both answers are "yes," then please proceed to the next question.

26    If either answer is "no," then please proceed to Question No. 40.

27

28

-11-

W02-WEST:LSG\403688054.8                                    SPECIAL VERDICT FORM

37

QUESTION NO. 38:

Did State Fund discover, or know of facts that would have caused a reasonable person to suspect, that Select was a cause of State Fund's harm for intentional misrepresentation and/or concealment before May 20, 2006?

> ANSWER: "Yes" or "No" below.
>
> Intentional misrepresentation: _____ Yes          _____ No
>
> Concealment:                   _____ Yes          _____ No
>
> If both answers are "yes," then please answer the next question.
>
> If your answer to either is "no," then please proceed to Question No. 40.

QUESTION NO. 39:

If you determine that Select engaged in a conspiracy, did the last overt act of the conspiracy occur after May 20, 2006?

> ANSWER: "Yes" or "No" below.
>
> Intentional misrepresentation: _____ Yes          _____ No
>
> Concealment:                   _____ Yes          _____ No
>
> If either answer is "yes," please proceed to the next question.
>
> If both of your answers are "no," proceed to the next Question No. 41.

QUESTION NO. 40:

If you answered "yes" as to Select in Question Nos. 29 and/or 35, please answer the following question. What is the total amount of all damages that were incurred by State Fund as a result of the misrepresentation and/or concealment by Select?

> Select:        $ 30,152,921.00
>
> Please proceed to the next question.

-12-

W02-WEST:LSG\403688054.8                                   SPECIAL VERDICT FORM

38

**VI.   Conspiracy:**

QUESTION NO. 41:

Did Onvoi and Select agree and intend, through their words or actions, to make a false representation or to conceal an important fact from, State Fund?

ANSWER: "Yes" or "No" below.

___X___ Yes                    _____ No

If you answer "yes," then please answer the next question.

If you answer "no," please proceed to Question No. 44.

QUESTION NO. 42:

Was Select aware that Onvoi planned to make an intentional misrepresentation or to conceal an important fact from, State Fund?

ANSWER: "Yes" or "No" below.

___X___ Yes                    _____ No

Please proceed to the next question.

QUESTION NO. 43:

Was Onvoi aware that Select planned to make an intentional misrepresentation or to conceal an important fact from, State Fund?

ANSWER: "Yes" or "No" below.

___X___ Yes                    _____ No

Please proceed to the next question.

**VII.   Aiding and Abetting:**

QUESTION NO. 44:

Did Select know that a false representation or concealment was going to be committed by Onvoi against State Fund?

ANSWER: "Yes" or "No" below.

-13-

W02-WEST:LSG\403688054.8                          SPECIAL VERDICT FORM

39

1      X Yes           No

2      If you answer "yes," then please answer the next question.

3      If you answer "no," then please proceed to Question No. 46.

4

5 **QUESTION NO. 45:**

6 Did Select give substantial assistance or encouragement to Onvoi that was a substantial

7 factor in causing harm to State Fund?

8      ANSWER: "Yes" or "No" below.

9      X Yes           No

10      Please proceed to the next question.

11

12 **VIII. Prejudgment Interest**

13 **QUESTION NO. 46:**

14 If you awarded any damages to State Fund for Onvoi's and/or Select's false representations

15 and/or concealment in Questions 36 and/or 40, do you also award State Fund prejudgment

16 interest on those damage amounts in your discretion?

17      ANSWER: "Yes" or "No" below.

18      Onvoi:      X Yes          No

19      Select:      X Yes          No

20      If either answer is "yes," then please proceed to the next question.

21      If you answer "no" to both, please proceed to Question No. 48.

22

23 **QUESTION NO. 47:**

24 What is the amount of interest that you award?

25      Onvoi:      $ 18,626,244.00

26      Select:      $ 18,626,244.00

27

28

-14-

40

## IX.   Punitive Damages

**QUESTION NO. 48:**

If you awarded any damages to State Fund for Onvoi's and/or Select's false representations and/or concealment in Questions 36 and/or 40, please answer the following question.  Did Onvoi and/or Select make a false representation and/or conceal an important fact from State Fund out of malice, oppression, and/or fraud?

ANSWER:  "Yes" or "No" below.

Onvoi:          X  Yes                    _____ No

Select:         X  Yes                    _____ No

Please proceed to the next question.

## X.   Statutory Damage – Ins. Code § 756

**QUESTION NO. 49:**

Did Onvoi and/or Select knowingly procure a lower premium by willfully misrepresenting to State Fund the amount of payroll or the segregation of payroll?

ANSWER:  "Yes" or "No" below.

Onvoi:         X  Yes                    _____ No

Select:        X  Yes                    _____ No .

If either answer is "yes," then please proceed to the next question.

If both of your answers are "no," please proceed to sign and date this form below.

**QUESTION NO. 50:**

What is the difference between the amount of premium that was properly payable and the amount of premium that was actually paid?

ANSWER:

Onvoi:    $ 30,152,921.00

Select:   $ 30,152,921.00

Please answer the next question.

-15-

41

1 | QUESTION NO. 51:

2 | Did State Fund know of facts constituting willful misrepresentation of the amount or

3 | segregation of payroll on the part of Select, or with reasonable diligence could have

4 | discovered those facts, before May 20, 2008?

5 | ANSWER: "Yes" or "No" below.

6 | _____Yes ____X____No

7 | Please sign and return this form.

8 |

9 | Signed: _Susan Dittmiler_

10 | Presiding Juror

11 | Dated: _August 3, 2011_

12 |

13 | After this verdict form has been signed, notify the clerk that you are ready to present your

14 | verdict in the courtroom.

15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

-16-

W02-WEST:LSG\403688054.8        SPECIAL VERDICT FORM

42

# EXHIBIT B

43

**F I L E D**

San Francisco County Superior Court

AUG − 4 2011

CLERK OF THE COURT

BY: _Nancy Regas_
                          Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| STATE COMPENSATION INSURANCE FUND, <br><br> Plaintiff, <br><br> v. <br><br> ONVOI BUSINESS SOLUTIONS, INC., a California corporation; SELECT PERSONNEL SERVICES, INC., a California corporation; OBS PERSONNEL, INC., a California corporation, and DOES 2 through 50, Inclusive, <br><br> Defendants. | Case No. CGC 07-470352 <br><br> *Hon. Charlene P. Kiesselbach, Dept. 602* <br><br> **SPECIAL VERDICT FORM FOR SECOND PHASE OF BIFURCATED TRIAL** |

ORIGINAL

W02-WEST:LSCW403804404.2                    SPECIAL VERDICT FORM FOR SECOND PHASE

44

1    We, the jury in the above-entitled action, find the special verdict on the following

2  questions submitted to us:

3

4    What amount of punitive damages, if any, do you award State Fund as a result of

5  Onvoi's conduct?

6    $ 2,000,000

7

8    What amount of punitive damages, if any, do you award State Fund as a result of

9  Select's conduct?

10    $ 2,000,000

11

12

13  Please sign and return this form.

14

15  Signed:        Susan Detuiter

16    Presiding Juror

17  Dated:        Aug 4, 2011

18

19  After this verdict form has been signed, notify the bailiff that you are ready to present your

20  verdict in the courtroom.

21

22

23

24

25

26

27

28

-1-

W02-WEST:LSGM03804404.2                SPECIAL VERDICT FORM FOR PUNITIVE DAMAGES

45

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV11- 9233 MMM (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

SHEPPARD, MULLIN, RICHTER & AMPTON LLP
GREGORY A. LONG, Cal. Bar No. 57642
SASCHA HENRY, Cal. Bar No. 191914
333 South Hope St., 43rd Flr., Los Angeles, CA 90071
Telephone: 213-620-1780; Facsimile: 213-620-1398
glong@sheppardmullin.com; shenry@sheppardmullin.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| STATE COMPENSATION INSURANCE FUND,<br>PLAINTIFF(S)<br><br>V.<br><br>KOOSHAREM, LLC, a California limited liability company; NEW KOOSHAREM CORPORATION, a California corporation; SELECT PERSONNEL SERVICES, INC., a California corporation; REAL TIME, INC.; D. STEPHEN SORENSEN, an individual; D. STEPHEN SORENSEN and SHARON P. SORENSEN, Co-Trustees of the SORENSEN FAMILY TRUST U/D/T JULY 26, 1991; FRED R. PACHON, an individual; LAURIE MAXWELL, an individual; PAR ALMA ALLIANCE, LLC, a California limited liability company; PAR ALMA INVESTMENTS LLC, a California limited liability company, and DOES 1 through 10, Inclusive,<br>DEFENDANT(S). | **CV11-9233-mmm (Ex**<br><br><br><br><br>**SUMMONS** |

TO:DEFENDANT(S): <u>KOOSHAREM, LLC, a California limited liability company; NEW KOOSHAREM CORPORATION, a California corporation; SELECT PERSONNEL SERVICES, INC., a California corporation; REAL TIME, INC.; D. STEPHEN SORENSEN, an individual; D. STEPHEN SORENSEN and SHARON P. SORENSEN, Co-Trustees of the SORENSEN FAMILY TRUST U/D/T JULY 26, 1991; FRED R. PACHON, an individual; LAURIE MAXWELL, an individual; PAR ALMA ALLIANCE, LLC, a California limited liability company; PAR ALMA INVESTMENTS LLC, a California limited liability company, and DOES 1 through 10, Inclusive</u>

A lawsuit has been filed against you.

Within 2\ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ ame _ nded complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Sheppard, Mullin, Richter & Hampton LLP</u>, whose address is <u>333 South Hope St., 43rd Floor, Los Angeles, California  90071-1422</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

American LegalNet, Inc.<br>www.USCourtForms.com

Clerk, U.S. District Court

Dated: _____NOV − 7 2011_____

By: _Maury Dla_
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

American LegalNet, Inc.
www.USCourtForms.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
STATE COMPENSATION INSURANCE FUND

**DEFENDANTS**
KOOSHAREM, LLC, a California limited liability company; NEW KOOSHAREM CORPORATION, a California corporation; SELECT PERSONNEL SERVICES, INC., a California corporation; REAL TIME, INC.; D. STEPHEN SORENSEN, an individual; D. STEPHEN SORENSEN and SHARON P. SORENSEN, Co-Trustees of the SORENSEN FAMILY TRUST U/D/T JULY 26, 1991; FRED R. PACHON, an individual; LAURIE MAXWELL, an individual; PAR ALMA ALLIANCE, LLC, a California limited liability company; PAR ALMA INVESTMENTS LLC, a California limited liability company, and DOES 1 through 10, Inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Sheppard, Mullin, Richter & Hampton LLP
Gregory A. Long, Cal. Bar No. 57642
Sascha Henry, Cal. Bar No. 191914
333 S. Hope St., 43rd Flr., Los Angeles, CA 90071
Telephone: 213-620-1780; Facsimile: 213-620-1398

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
US Civil Statute: 18 U.S.C. section 1962 (RICO) and California Civil Code section 3439.04 (fraudulent transfer)

**VII. NATURE OF SUIT** (Place an X in one box only.)

**CV11-9233**

CV-71 (05/08)                    CIVIL COVER SHEET

American LegalNet, Inc.
www.FormsWorkflow.com

Page 1 of 2

| OTHER STATUTES | CONTRACT | TORTS | TORTS | PRISONER | LABOR |
|---|---|---|---|---|---|
| | | **PERSONAL INJURY** | **PERSONAL PROPERTY** | **PETITIONS** | ☐ 710 Fair Labor Standards Act |
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate | |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product | ☐ 371 Truth in Lending | Sentence Habeas | ☐ 720 Labor/Mgmt. |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | Liability | ☐ 380 Other Personal | Corpus | Relations |
| ☐ 450 Commerce/ICC | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. |
| Rates/etc. | ☐ 150 Recovery of | Slander | ☐ 385 Property Damage | ☐ 535 Death Penalty | Reporting & |
| ☐ 460 Deportation | Overpayment & | ☐ 330 Fed. Employers' | Product Liability | ☐ 540 Mandamus/ | Disclosure Act |
| ☒ 470 Racketeer Influenced | Enforcement of | Liability | **BANKRUPTCY** | Other | ☐ 740 Railway Labor Act |
| and Corrupt | Judgment | ☐ 340 Marine | ☐ 22 Appeal 28 USC | ☐ 550 Civil Rights | ☐ 790 Other Labor |
| Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product | 158 | ☐ 555 Prison Condition | Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted | Liability | ☐ 423 Withdrawal 28 | **FORFEITURE /** | ☐ 791 Empl. Ret. Inc. |
| ☐ 490 Cable/Sat TV | Student Loan (Excl. | ☐ 350 Motor Vehicle | USC 157 | **PENALTY** | Security Act |
| ☐ 810 Selective Service | Veterans) | ☐ 355 Motor Vehicle | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities/ | ☐ 153 Recovery of | Product Liability | ☐ 441 Voting | ☐ 620 Other Food & | ☐ 820 Copyrights |
| Exchange | Overpayment of | ☐ 360 Other Personal | ☐ 442 Employment | Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 | Veteran's Benefits | Injury | ☐ 443 Housing/Acco- | ☐ 625 Drug Related | ☐ 840 Trademark |
| USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- | mmodations | Seizure of | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | Med Malpractice | ☐ 444 Welfare | Property 21 USC | ☐ 861 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product | ☐ 365 Personal Injury- | ☐ 445 American with | 881 | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization | Liability | Product Liability | Disabilities – | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW |
| Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal | Employment | ☐ 640 R.R.& Truck | 405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | Injury Product | ☐ 446 American with | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | Liability | Disabilities – | ☐ 660 Occupational | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | Other | Safety /Health | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization | ☐ 440 Other Civil | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff |
| nation Under Equal | ☐ 240 Torts to Land | Application | Rights | | or Defendant) |
| Access to Justice | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- | | | ☐ 871 IRS-Third Party 26 |
| ☐ 950 Constitutionality of State | ☐ 290 All Other Real Property | Alien Detainee | | | USC 7609 |
| Statutes | | ☐ 465 Other Immigration | | | |
| | | Actions | | | |

**FOR OFFICE USE ONLY:**     Case Number: _____._____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                                    **CIVIL COVER SHEET**                                    Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | San Francisco |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara |  |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Sasha Henry_    Date November 7, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                    **CIVIL COVER SHEET**                    Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com